IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTON CARLTON )
)
v. ) NO. 3:07-0895
)
STATE OF TENNESSEE )


TO: Honorable Robert L. Echols, District Judge


**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered January 22, 2008 (Docket Entry No. 15), the above captioned Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 was referred to the Magistrate Judge under Rule 8(b) of the Rules Governing Section 2254 Cases, 28 U.S.C. § 636(b)(1)(B), and Rule 7 of the Local Rules for Magistrate Judge Proceedings.

Presently pending before the Court is Respondent's Motion to Dismiss (Docket Entry No. 12), to which no response has been filed. For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed without prejudice.


**I. BACKGROUND**

On August 27, 2007, Petitioner filed a document styled as "Permission to Appeal," in which he stated that he entered a guilty plea on January 24, 2005, and received an illegal sentence of fifty (50) years imprisonment. See Docket Entry No. 1. By Order entered October 5, 2007 (Docket Entry No. 3), the filing was construed as a habeas corpus petition. The October 7, 2007, Order also directed Petitioner to file a statement acknowledging whether he has filed any previous petitions under 28 U.S.C. § 2254. In response, Petitioner filed a "Habeas Corpus Petition," see Docket Entry No. 5, in which he asserts that he has not filed a prior federal habeas corpus petition, that he has exhausted all state remedies, and that he should be granted a reduction in his sentence.

In lieu of an answer, Respondent filed the pending motion to dismiss. See Docket Entry No. 12. Respondent contends that dismissal of the petition is warranted because: 1) Petitioner failed to name his current custodian as the respondent and incorrectly named the State of Tennessee; 2) Petitioner has not shown that he has exhausted his state court remedies and his claims are procedurally defaulted; and 3) the petition is barred by the applicable statute of limitations.

## II. CONCLUSIONS

A. The Proper Respondent

Rule 2(a) of the Rules Governing Section 2254 Cases requires that, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."

The instant petition lists the State of Tennessee as the respondent and is, thus, in error. Such a pleading error is easily correctable, however, and the Court does not find that such a correctable error, especially one made by a pro se petitioner, warrants dismissal of the petition as argued by Respondent.

B. Exhaustion

The petition should be dismissed because Petitioner has not shown that he has exhausted his state court remedies or that he should be excused from the requirement of exhaustion.

It is incumbent upon a petitioner seeking relief under 28 U.S.C. § 2254 to have first pursued and exhausted his claims of a federal, constitutional violation in the state courts prior to filing his habeas corpus petition. Rose v. Lundy, 455 U.S. 509, 515-19, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir. 1985). The requirement that state remedies be exhausted gives the state courts a fair opportunity to address any federal errors in the first instance and respects the principle of comity between the state and federal courts. See Rose, 455 U.S. at 515-516;

2

Wilwording v. Swenson, 404 U.S. 249, 250, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971). Petitioner has the burden of showing that state remedies have been exhausted. See Darr v. Burford, 339 U.S. 200, 218-19, 70 S.Ct. 587, 597-98, 94 L.Ed. 761 (1950), overruled in part on other grounds, Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Petitioner states that he "has exhausted all state remedies." See Docket Entry No. 5, at 1. However, he has not provided any factual detail to support this conclusory statement or attached to his petition copies of any state orders or decisions related to the federal claims he is now raising. It is not known whether Petitioner pursued a direct appeal or sought collateral relief in the state courts, let alone the outcome of such proceedings or the nature of the claims raised by Petitioner in those proceedings.

Although Respondent states "petitioner did not appeal this sentence in the state court or file any prior petition for post-conviction relief" and that "[petitioner] has not presented his claims to any state-appellate court," see Respondent's Memorandum (Docket Entry No. 13), at 1-2, Respondent offers no actual support for this statement. It is unknown whether Respondent actually researched the record in Petitioner's state criminal proceeding or is merely relying on Petitioner's lack of proof on this issue as the basis for its statements.[1]

Regardless, Petitioner has not shown that he has exhausted his available state court remedies. Because it is not clear to the Court that such remedies are no longer available, the instant petition should be dismissed without prejudice to enable Petitioner to pursue any available state court remedies.

Respondent's procedural default argument need not be addressed because the Court finds that dismissal without prejudice is appropriate.

---

[1] Respondent notes that, because Petitioner failed to clearly state in which jurisdiction his judgment was rendered, it is unable to ascertain in which county the guilty plea at issue was entered. See Docket Entry No. 13, at 1.

3

C. Statute of Limitations

Because the Court finds that the petition should be dismissed without prejudice because of Petitioner's failure to show that he has satisfied the exhaustion requirement, it is unnecessary to address Respondent's statute of limitations argument.

## R E C O M M E N D A T I O N

Based on the foregoing, the Court respectfully RECOMMENDS that Respondent's Motion to Dismiss (Docket Entry No. 12) be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge

4